IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM R. REVOAL, II,

      Plaintiff,                     No. 2:13-cv-580-JAM-EFB PS

      vs.

EDMUND BROWN, JR.,

      Defendant.                  <u>ORDER</u>

                                    /

      This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  *See* Dckt. No. 2.  Accordingly, the request to proceed *in forma pauperis* will be granted.  28 U.S.C. § 1915(a).

      Determining plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

////

Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or

(3) be authorized by a federal statute that both regulates a specific subject matter and confers

federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity

jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World*

*Airlines, Inc*., 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction

of the federal courts unless demonstrated otherwise.  *Kokkonen,* 511 U.S. at 376-78.  Lack of

subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys*

*Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Plaintiff's complaint alleges that on March 25, 2013, he was walking past the Sacramento

County jail and "was approached by an Italian old man who began acting as if [plaintiff] had

assaulted him."  Compl., Dckt. No. 1, at 2.  Plaintiff contends that the man "proceeded into the

courthouse where [plaintiff] was greeted by [two deputies]." *Id.*  Thereafter, the Caucasian man

and an unknown Caucasian woman, who appeared to be an employee, "began to make false

allegations in regards to a false charge [plaintiff] never committed." *Id.*  Plaintiff contends that

he then asked the deputies to apprehend "the two frauds" so that plaintiff could protect himself

from further mishaps, but the deputies denied plaintiff justice and asked plaintiff to leave the

building, while plaintiff's "two accusers went free as if nothing happened." *Id.*  Plaintiff

contends that this was a direct violation of the U.S. Constitution and negligence by the

authorities.[1] *Id.*  Accordingly, plaintiff requests "sanctions and representation of such actions by

the Supreme Court." *Id.*

Plaintiff's complaint fails to state any viable federal claims.  Although plaintiff's

complaint does not reference any federal statutes, to state a claim under § 1983, plaintiff must

allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation

was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42,

---

[1] In the Civil Cover Sheet attached to plaintiff's complaint, plaintiff contends that the
action is brought under the Fourteenth Amendment.  Dckt. No. 1 at 3.

3

1  48 (1988).  Here, plaintiff has not alleged how his federal constitutional or statutory rights were

2  violated.  In fact, plaintiff's complaint includes no factual allegations against or relating to the

3  only named defendant: California Governor Edmund G. Brown, Jr.[2]

4      Accordingly, plaintiff's complaint must be dismissed.  However, plaintiff is granted leave

5  to file an amended complaint, if he can cure the defects set forth herein and can allege a basis for

6  this court's jurisdiction, as well as a cognizable legal theory and sufficient facts in support of that

7  cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

8  (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

9  their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint

10 shall clearly set forth the allegations against each defendant and shall specify a basis for this

11 court's subject matter jurisdiction.  Any amended complaint shall plead plaintiff's claims in

12 "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as

13 required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper

14 that bears line numbers in the left margin, as required by Eastern District of California Local

15 Rules 130(b) and 130(c).  Any amended complaint shall also use clear headings to delineate each

16 claim alleged and against which defendant or defendants the claim is alleged, as required by

17 Rule 10(b), and must plead clear facts that support each claim under each header.

18     Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to

19 make an amended complaint complete.  Local Rule 220 requires that an amended complaint be

20     [2] Although the Civil Cover Sheet also references the Sacramento County Sheriff's

21 Department, Dckt. No. 1 at 3, that defendant is not listed as a "defendant" on the first page of
   plaintiff's complaint.  Nonetheless, plaintiff's complaint does not include any allegations that

22 would support *Monell* liability against the Sheriff's Department or Sacramento County.  In
   *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court held that although

23 municipalities may be held liable as "persons" under 42 U.S.C. § 1983, they may not be held
   liable for the unconstitutional acts of its employees solely on a respondeat superior theory.  436

24 U.S. at 691.  Rather, the Supreme Court has "required a plaintiff seeking to impose liability on a
   municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's

25 injury."  *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at
   694; *Pembaur v. Cincinnati*, 475 U.S. 469, 480-81 (1986); *City of Canton v. Harris*, 489 U.S.

26 378, 389 (1989)).

complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed.  *See* Local Rule 110.

Accordingly, IT IS ORDERED that:

1.  Plaintiff's request for leave to proceed *in forma pauperis*, Dckt. No. 2, is granted.

2.  Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint.  The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED:  March 28, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE