1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIAM R. REVOAL, II,

11            Plaintiff,                    No. 2:13-cv-580-JAM-EFB PS

12        vs.

13   EDMUND BROWN, JR.;
     COMMUNITY SERVICE PARTNERSHIP,
14
              Defendants.                   <u>ORDER</u>
15   _____/

16          This case, in which plaintiff is proceeding *in propria persona* and *in forma pauperis*, was

17   referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  On

18   March 28, 2013, the undersigned granted plaintiff's application to proceed *in forma pauperis* but

19   dismissed plaintiff's initial complaint pursuant to 28 U.S.C. § 1915(e)(2) because plaintiff's

20   complaint failed to state any viable federal claims.  Dckt. No. 3; *see also* 28 U.S.C. § 1915(e)(2)

21   (directing the court to dismiss an in forma pauperis case at any time if it determines the

22   allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on

23   which relief may be granted, or seeks monetary relief against an immune defendant).  After the

24   court issued the March 28 order, an amended complaint that plaintiff filed on March 27, 2013

25   appeared on the court docket.  Therefore, the court has now reviewed plaintiff's amended

26   complaint under § 1915(e)(2).  Once again, however, the court determines that plaintiff has

                                            1

1  failed to state any viable federal claims.  Accordingly, plaintiff's first amended complaint will be

2  dismissed with leave to amend.

3       As noted in the March 28 order, although *pro se* pleadings are liberally construed, *see*

4  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be

5  dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief

6  that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)

7  (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's

8  obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

9  conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual

10  allegations must be enough to raise a right to relief above the speculative level on the assumption

11  that all of the complaint's allegations are true." *Id.* (citations omitted).  Dismissal is appropriate

12  based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to

13  support cognizable legal theories.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

14  Cir. 1990).

15       In reviewing a complaint under this standard, the court must accept as true the allegations

16  of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740

17  (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

18  the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A *pro se* plaintiff must

19  satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule

20  8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the

21  pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the

22  grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)

23  (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

24       Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only

25  those cases authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins.*

26  *Co.*, 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 &

1   1332, confer "federal question" and "diversity" jurisdiction, respectively.  Federal question

2   jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2)

3   allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or

4   (3) be authorized by a federal statute that both regulates a specific subject matter and confers

5   federal jurisdiction.  *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity

6   jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

7   matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World*

8   *Airlines, Inc*., 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction

9   of the federal courts unless demonstrated otherwise.  *Kokkonen,* 511 U.S. at 376-78.  Lack of

10  subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys*

11  *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

12          Plaintiff's original complaint alleges that on March 25, 2013, he was walking past the

13  Sacramento County jail and "was approached by an Italian old man who began acting as if

14  [plaintiff] had assaulted him."  Compl., Dckt. No. 1, at 2.  Plaintiff contends that the man

15  "proceeded into the courthouse where [plaintiff] was greeted by [two deputies]."  *Id.*  Thereafter,

16  the Caucasian man and an unknown Caucasian woman, who appeared to be an employee, "began

17  to make false allegations in regards to a false charge [plaintiff] never committed."  *Id.*  Plaintiff

18  contends that he then asked the deputies to apprehend "the two frauds" so that plaintiff could

19  protect himself from further mishaps, but the deputies denied plaintiff justice and asked plaintiff

20  to leave the building, while plaintiff's "two accusers went free as if nothing happened."  *Id.*

21  Plaintiff contends that this was a direct violation of the U.S. Constitution and negligence by the

22  authorities.[1]  *Id.*  Accordingly, plaintiff requests "sanctions and representation of such actions by

23  the Supreme Court."  *Id.*

24  ////

25  ───────────────

26          [1] In the Civil Cover Sheet attached to plaintiff's complaint, plaintiff contends that the action is brought under the Fourteenth Amendment.  Dckt. No. 1 at 3.

3

1   Plaintiff's first amended complaint seeks to add Community Service Partnership as a

2   defendant in plaintiff's action.  Dckt. No. 4.  According to plaintiff, on March 27, 2013, plaintiff

3   was resting his knees when he "was illegally approached by a community partnership service

4   representative requesting [that plaintiff] leave [his] secured area at 9th [and] J [Streets]."  *Id.* at

5   2.  Plaintiff contends that although he was not blocking the sidewalk or loitering, he was

6   harassed by two Community Partnership Service representatives who had a "racial motive."  *Id.*

7   According to plaintiff, within five minutes he was surrounded by Sacramento police, but once it

8   was determined that no laws had been broken, plaintiff "was released."  *Id.*

9   Plaintiff's first amended complaint once again fails to state any viable federal claims.

10   Although plaintiff's first amended complaint once again does not reference any federal statutes,

11   plaintiff is again reminded that to state a claim under § 1983, plaintiff must allege: (1) the

12   violation of a federal constitutional or statutory right; and (2) that the violation was committed

13   by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

14   Here, plaintiff has not alleged how his federal constitutional or statutory rights were violated.

15   Nor has he alleged that the defendant he wishes to add to this action – Community Partnership

16   Service –  is either a state actor or was otherwise acting under color of law.  *See Sutton v.*

17   *Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (The party charged with a

18   constitutional deprivation under § 1983 must be a person who may fairly be said to be a

19   governmental actor) (citation and quotations omitted).  Section "1983 excludes from its reach

20   merely private conduct, no matter how discriminatory or wrong."  *Id.* (citing *Am. Mfrs. Mut. Ins.*

21   *Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted)).  Nor has

22   plaintiff shown how the allegations in his first amended complaint against Community

23   Partnership Service arise out of the same transaction, occurrence, or series of transactions or

24   occurrences as the allegations against Governor Brown in his initial complaint, and/or that there

25   are common questions of law or fact common to those defendants, such that joinder of

26   ////

4

1  plaintiff's claims against those two defendants would be permissible.  *See* Fed. R. Civ. P.

2  20(a)(2); Fed. R. Civ. P. 21.

3       Accordingly, plaintiff's first amended complaint must be dismissed.  However, plaintiff

4  is granted leave to file a second amended complaint, if he can cure the defects set forth herein

5  and in the March 28, 2013 order, if he can allege a basis for this court's jurisdiction, and if he

6  can allege a cognizable legal theory and sufficient facts in support of that cognizable legal

7  theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must

8  afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

9  Should plaintiff choose to file a second amended complaint, the second amended complaint shall

10  clearly set forth the allegations against each defendant and shall specify a basis for this court's

11  subject matter jurisdiction.  Any second amended complaint shall plead plaintiff's claims in

12  "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as

13  required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper

14  that bears line numbers in the left margin, as required by Eastern District of California Local

15  Rules 130(b) and 130(c).  Any second amended complaint shall also use clear headings to

16  delineate each claim alleged and against which defendant or defendants the claim is alleged, as

17  required by Rule 10(b), and must plead clear facts that support each claim under each header.

18       Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to

19  make his second amended complaint complete.  Local Rule 220 requires that an amended

20  complaint be complete in itself.  This is because, as a general rule, an amended complaint

21  supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).

22  Accordingly, once plaintiff files a second amended complaint, the original and first amended

23  complaint no longer serve any function in the case.  Therefore, "a plaintiff waives all causes of

24  action alleged in the original complaint which are not alleged in the amended complaint,"

25  *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in

26  an amended complaint are no longer defendants.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th

5

Cir. 1992).  Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed.  *See* Local Rule 110.

Accordingly, IT IS ORDERED that:

1.  Plaintiff's first amended complaint is dismissed with leave to amend, as provided herein.

2.  Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint.  The second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."  Failure to timely file a second amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED:  April 4, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6